## STATE v. HAROLD CLARK.

151 N. W. (2d) 253.

May 26, 1967—No. 40,311.

*Fallon, Lewis & Wasserman* and *Herman Lewis,* for appellant.
*Keith M. Stidd,* City Attorney, and *Jerome R. Jallo,* Assistant City Attorney, for respondent.

PER CURIAM.
Defendant was convicted of careless driving in violation of a Minneapolis ordinance. He waived a jury trial and was found guilty by the court without a jury.

There is no claim that the evidence does not sustain the conviction. The charge was based upon a complaint signed by one Jogindar Singh Uppal. The state did not produce the complaining witness at the trial. Defendant now claims that he is entitled to a dismissal because Minn. St. 629.50 requires the complaining witness to be produced and examined in the presence of the defendant. This statute reads:

"*The magistrate* before whom any person shall be brought upon a charge of having committed an offense shall, as soon as may be, examine the complainant and the witnesses in support of the prosecution, on oath, in the presence of the party charged, in relation to any pertinent matter connected with such charge, after which the witnesses for the prisoner, if he has any, shall be sworn and examined, and he may be assisted by counsel in such examination, and also in the cross-examination of the witnesses in support of the prosecution." (Italics supplied.)

This statute is to be found in the chapter dealing with extradition, arrest, and bail. It has nothing to do with the trial of a misdemeanor. At best, it is a pretrial proceeding involved in cases where informations are filed and a preliminary hearing is required. The trial court was correct in holding that the conviction here is valid without the prosecution's producing the complaining witness.
Affirmed.