## CITY OF MINNEAPOLIS v. RICHARD ALLEN BIEN.

176 N. W. (2d) 83.

March 26, 1970—No. 41875.

*Schiefelbein & Greenberg* and *Alan G. Greenberg,* for appellant.

*Keith M. Stidd,* City Attorney, and *Craig Henry Anderson,* Assistant City Attorney, for respondent.

Heard before Knutson, C. J., and Rogosheske, Sheran, Peterson, and Frank T. Gallagher, JJ.

PER CURIAM.

Defendant was convicted in Hennepin County Municipal Court of driving a motor vehicle in the city of Minneapolis while under the influence of an alcoholic beverage, a violation of Minneapolis Code of Ordinances, § 403.030. Defendant drove into a motor vehicle operated by one Ronald Rosciano, a resident of Chicago, who made a citizen's arrest and turned defendant over to a police officer who came to the scene. Rosciano, on the same day, made a formal complaint before a municipal judge, but he was not present at the trial or the Rasmussen hearing which immediately preceded trial.

Defendant contends, first, that the Rasmussen hearing was defective because the complaining witness was not present and available to him for cross-examination. It is not essential that the complaining witness be present at the trial. See, State v. Clark, 277 Minn. 502, 151 N. W. (2d) 253. See, also, State v. Hines, 270 Minn. 30, 133 N. W. (2d) 371. There is no greater reason for requiring his attendance at a Rasmussen hearing.

Defendant contends, second, that at the Rasmussen hearing testimony which was incompetent because hearsay was admitted into evidence. The investigating police officer testified that Rosciano had said to the police officer, with obvious reference to defendant, "I want you to note the man's condition." This statement is not hearsay for it was not offered to prove the truth of the matter asserted; it was no more

than an introduction to the police officer's independent observation of defendant's intoxicated condition.

Affirmed.